STATE OF FLORIDA, *ex rel.* WALTER L. MARKS, *Relator*, v. HENRY R. CHASE, SHERIFF OF DADE COUNTY, FLORIDA, ROLAND CURRY, SHERIFF OF MONROE COUNTY, FLORIDA, AND E. A. LARKINS, *Respondents.*

Opinion Filed January 10, 1928.

*Bart A. Riley,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, for Defendants in Error.

GRAY, Circuit Judge:

The relator was apprehended in Dade County, Florida, by the sheriff. On November 3rd, petition for writ of *habeas corpus* was presented to the Honorable Jefferson B. Browne, Judge of the Twentieth Judicial Circuit, on account of the absence of the Honorable H. F. Atkinson of the Eleventh Judicial Circuit, and the illness of the Honorable A. J. Rose, the other judge of the said circuit. Writ of *habeas corpus* was duly issued on November 3rd, 1925, and on the 4th day of November, 1925, the sheriff of Monroe county filed his return, disclosing that the relator was held by virtue of an executive warrant of extradition issued by the Governor of the State of Florida. The relator contests the legal sufficiency of the executive warrant of extradition issued by the Governor of this State on the ground that the warrant of extradition did not use the word "found" after the words "copy of indictment."

The relator also contends that he was entitled to a hearing before the Governor of the State of Florida under Chapter 10129, Acts of 1925.

The final order of the court below dismissed the writ and remanded the prisoner to the custody of the respondent sheriff. From such order the relator sued out a writ of error.

The executive warrant reads as follows:

"Whereas, the Executive authority of the State of Kentucky has demanded of the Executive authority of the State of Florida the delivery and surrender of the body of Walter L. Marks as a fugitive from justice from said State of Kentucky to said State of Florida, and has produced

and filed with the Executive authority of said State of Florida to which said State Walter L. Marks has fled from the State of Kentucky a copy of indictment charging the said person so demanded with having committed in said State of Kentucky against the said State of Kentucky the crime of converting property of another to his use and which is certified as authentic by the Executive of said State of Kentucky.

"NOW, THEREFORE, This is to command you to apprehend and arrest the body of the said Walter L. Marks and deliver his said body to Capt. E. A. Larkins, agent of the said State of Kentucky, duly authorized and empowered to receive and convey the said Walter L. Marks to the State of Kentucky, then and there to be surrendered to the legal authorities of said State, to be dealt with according to law."

Section 5278 of the Revised Statutes of the United States, the Act of Congress relating to extradition, provides:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

The warrant of extradition must show that the requirements of law have been followed.  These in general are:

(1)   That the person charged had been demanded as a fugitive from justice by the executive of the State from which he fled.

(2)   That the requisition was accompanied with a copy of an indictment, or an affidavit made before a magistrate.

(3)   That a copy of the indictment, or the affidavit, was duly certified as authentic.

Moore on Extradition, Vol. 2, Sec. 621; State v. Chase, 107 So. 541.

In State *ex rel.* Arnold v. Justus, 84 Minn. 237, 55 L. R. A. 335, it is said:

"The Governor's warrant need not set forth facts or grounds upon which the same is issued with the certainty required in criminal pleadings; if it appears therein that under the Federal Constitution and the Act of Congress the prisoner is demanded as a fugitive it is sufficient."

The Governor of the State issuing the requisition for the fugitive is the only proper judge of the authenticity of the affidavit, and when the requisition certifies that the affidavit is duly authenticated according to law it is sufficient. Michael Kertz v. The State, 22 Fla. 36.

In the case of People *ex rel.* Hyatt v. Corkran, 188 U. S. 691, the executive warrant was issued by the Governor of the State of New York upon the demand of the Governor of the State of Tennessee.   The warrant recites, "which said demand is accompanied by copies of indictment and other documents duly certified by the Governor of the State of Tennessee."   The Supreme Court of the United States in that case held that the "warrant issued by the Governor was sufficient *prima facie* to justify the arrest of the relator and his delivery to the agent of the State of Tennessee."

The portion of Chapter 10129, of the Acts of 1925, under which the relator contends he was entitled to a hearing before the Governor of the State of Florida before issuance of the executive warrant is as follows:

"Every person arrested as a fugitive from justice, shall for a bailable offense, have the right to give bond, in an amount to be fixed by the County Judge of the county, and be released from custody thereon, pending a hearing before the Governor on the requisition."

There is nothing in this Act which makes it mandatory upon the Governor to grant a hearing before issuance of his executive warrant, nor has the person arrested a constitutional right to be heard before the Governor. Munsey v. Clough, 196 U. S. 364.

The order remanding the relator is therefore affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.

BUFORD, J., disqualified.

STRUM, J., concurring:

For the purpose of this proceeding, the certificate of the Governor of Kentucky that the copy of the indictment accompanying the executive demand is "authentic" is sufficient to disclose *prima facie* that the indictment was "found," so as to cast upon the fugitive the burden of showing the contrary.

ELLIS, C. J., AND WHITFIELD, TERRELL AND BROWN, J. J., concur.