DONALD YOUNG and ELSIE MAE YOUNG v. FRANK STOUTA-MIRE, as Sheriff of Leon County.

176 So. 759.

Opinion Filed November 4, 1937.

*Julius F. Parker* and *William J. Pruitt,* for Petitioners; *H. H. Wells* and *William K. Whitfield,* both of Tallahassee, for Respondent.

Brown, J.—Upon separate petitions for writ of habeas corpus filed October 27, 1937, one of the Justices of this Court issued two writs of habeas corpus against the Sheriff of Leon County, Florida, returnable forthwith. The sheriff filed a return in each case stating that he held the respective petitioners in custody by virtue of a warrant of extradition issued by the Governor of Florida on October 27, 1937, attaching a copy of said. Governor's warrant of rendition which commanded the apprehension and arrest of both petioners and their delivery to a named agent of the State of Indiana, which warrant of rendition was in all respects regular and valid upon its face. A hearing was accorded by this Court to the petitioners on the afternoon of October 27,

1937, but was continued over to October 30th, 1937. Upon motion of the petitioners the two cases were consolidated and heard together.

One of the questions raised by the petitioners is that the warrant of rendition purporting to have been executed and signed by the Governor of this State was not personally signed by him, nor its issuance directed by him, he being absent from the City of Tallahassee on that date. Another question raised by petitioners is that there was no sufficient basis for the issuance of the executive warrant of rendition because the requisition made on the Governor of this State by the Governor of Indiana was predicated upon an application made to the Governor of Indiana by one Herbert M. Spencer, but was sworn to as being true by one John Dugan, whose oath thereto purports to have been administered by the said Herbert M. Spencer; that therefore the Governor of Indiana had not sufficient basis for the requisition made by him upon the Governor of Florida for the extradition of the petitioners.

Considering these questions in their reverse order, it appears that no attack is made upon the sufficiency of the requisition made by the Governor of Indiana, attested by the Secretary of State and the State seal, upon the Governor of Florida, which requisition states that the petitioners stand charged by an indictment pending in Marion County, Indiana, with the crime of grand larceny committed therein and that it had been shown to the Governor that the defendants in said indictment had fled from justice of that State and had taken refuge in the State of Florida. Attached to this requisition by the Governor of Indiana was a copy of an application made to such Governor reciting the fact of the indictment of these petitioners and that such indictment was pending in the Criminal Court of Marion County, charging

them with grand larceny, and that after the commission of the offense charged in the indictment the defendants therein had left the State of Indiana and had taken refuge in the State of Florida, and that both of the defendants were present in the State of Indiana at the time said offense was committed. This requisition was signed "Herbert M. Spencer," without any added words showing his official character. This was immediately followed by an affidavit, certifying to the truth of the facts stated in the application thus signed by Spencer, which affidavit was signed by John Dugan and was subscribed and sworn to before "Herbert M. Spencer, Prosecuting Attorney." Following this on the same page appears the following:

"To the Governor:

"Having carefully examined the foregoing application and accompanying papers, and from my knowledge of the case and circumstances of the case I believe sufficient evidence can and will be produced on the trial of said cause to secure a conviction, and in my opinion it would be proper for you to issue the requisition asked."

This was signed, "Herbert M. Spencer, Prosecuting Attorney."

Attached to this application was a copy of the indictment against these petitioners which substantially charges them with the offense of grand larceny, which indictment had endorsed thereon the names of the State's witnesses and an endorsement of filing purported to have been signed by the Clerk of the Court. The indictment shows that it was found by the grand jury of Marion County and was signed by Herbert M. Spencer as Prosecuting Attorney. There was also attached a copy of the capias issued upon said indictment for the arrest of the petitioners.

Following this was a certificate under seal signed by the

Clerk of the Criminal Court of Marion County, Indiana, certifying that "the foregoing is a true and complete copy of the proceedings had in said court and entered in the records thereof, in the above entitled cause." This was followed by a certificate signed by the Judge of said Criminal Court, certifying that Glenn B. Ralston, whose name was signed to the preceding certificate as Clerk, etc., was at the time of making such certificate Clerk of said Criminal Court of Marion County, Indiana, and that the clerk's said attestation and certificate was in due form of law, which last certificate was signed by the Judge under the seal of the Court.

If the authentication of the indictment by the Governor of Indiana in his requisition upon the Governor of Florida should be held not sufficient, nevertheless, considering the foregoing papers together, we think it sufficiently appears that the application made to the Governor of Indiana for the issuance of requisition was signed by the Prosecuting Attorney of the Criminal Court of Marion County, Indiana, and showed with sufficient certainty that these petitioners had been indicted by the grand jury of that county for the crime of grand larceny.

Section 2 of Article IV of the Constitution of the United States reads in part as follows:

"A person charged in any State with treason, felony or other crime, who shall flee from justice, and be found in another State, shall on demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime."

Shortly after the adoption of the Constitution of the United States, in 1793, the Congress adopted a statute which is still in full force and effect, Section 5278 U. S. Rev. Gen. Stats., and now appearing as Section 662, title 18, of the U. S. Code Annotated. This statute, which is brief, is set

out in full in the opinion of this Court in the case of State, *ex rel.* Peck, v. Chase, Sheriff, 91 Fla. 413, 107 So. 541. The first headnote to the case just cited reads as follows:

"Proceedings in extradition are *sui generis,* finding their origin and existence, as between different nations, wholly in treaty obligations, and as between the States of this Union wholly by virtue of the provisions of the Constitution of the United States and effectuating statute."

In the case of Chase, Sheriff, v. State, *ex rel.* Burch, 93 Fla. 963, 113 So. 103, the holdings of this Court as set forth in the 4th, 5th, 6th, 9th, 11th and 12th headnotes, read as follows:

"Where the executive warrant of rendition is regular and sufficient upon its face and complies with the essential requirements of the Congressional Act, it constitutes *prima facie* evidence of the facts therein set forth and of the authority of the authorized officer to arrest and detain the petitioner in custody for the purpose stated in such warrant."

"Before the Governor of the asylum State is authorized under the Federal Act to issue a warrant of rendition, it must have been made to appear to him: (1) That the person named in such warrant has been demanded as a fugitive from justice by the executive authority of the State or territory from which he fled; (2) that the requisition was accompanied with a copy of an indictment found, or an affidavit made before a magistrate, substantially charging the person demanded with a crime against the laws of the State from whose justice he is alleged to have fled, and (3) that the copy of the indictment or affidavit was duly certified as authentic by the Governor or chief magistrate of the State or territory from whence the person so charged has fled."

"While the law presumes that the chief executive did his duty, and that an executive warrant of rendition, valid and sufficient on its face, was properly issued, the courts have the power upon *habeas corpus,* to review the action of the Governor in determining the jurisdictional prerequisites to the issuance of such warrant, the burden of overcoming the *prima facie* case made by the warrant being upon the accused."

"In *habeas corpus* proceedings in behalf of one held by virtue of an executive warrant of rendition, which recited that the executive authority of the demanding State had produced and filed with the executive authority of this State a copy of indictment found charging the person demanded with having committed in said demanding State a crime against its laws, duly certified as authentic by the executive of the demanding State, it is only necessary to consider whether the indictment shows satisfactorily that the fugitive has been in fact, however inartificially, charged with the crime in the State from which he is alleged to have fled.

"If the Governor of a demanding State, in making requisition upon the Governor of this State, complies with the Federal Act and makes such showing to the Governor of this State as that Act requires, the courts of this State will presume that he acted within his proper powers and will not sit in judgment upon him to inquire whether he had the applicant for requisition to swear to the application therefor, or had otherwise complied with statutory rules of the demanding State designed to safeguard the proper handling of requisition matters."

"Where in extradition proceedings the Governor of this State has been furnished by the Governor of the demanding State with a copy of an indictment found substantially charging a crime against the laws of said State and duly

certified as authentic, as required by the Federal Act, it is not necessary for the requisition to go further and show that the prosecutor's name had been endorsed on the back of the indictment, or that the indictment had been signed by the proper prosecuting officer, though these matters may have been required by the statutes of the demanding State."

These principles have been followed by this Court in many subsequent cases, some of which are, Mitchell v. Stoutamire, 113 Fla. 822, 152 So. 629; State v. Clark, 121 Fla. 161, 163 So. 471, and State v. McCreary, 123 Fla. 9, 165 So. 904. The principles thus stated are also in harmony with the decisions of the Supreme Court of the United States. See Munsey v. Clough, 196 U. S. 364, 49 L. Ed. 515.

It thus appears that under our previous decisions the Governor of Florida had before him, by the requisition of the Governor of Indiana and the documents thereto attached which the Governor of Indiana certified to as being authentic, a sufficient basis under the Federal statute to authorize the Governor of this State to issue the warrant of extradition.

We revert now to the first question raised by petitioners. It appears from the pleadings herein and from admissions of fact made in open court that the Governor of this State was not in his office on October 27, 1937, and did not personally sign the warrant of rendition, but that on the following day, October 28, 1937, he personally inspected and considered the papers which had been transmitted to him from the office of the Governor of Indiana, and ratified the action of his Secretary or other Assistant in issuing and signing in his name the executive warrant of rendition issued October 27, 1937, and also issued a new warrant of rendition, identical with the first, bearing date October 28, 1937, which is not before us in the pending case.

It has been held in several jurisdictions that where the extradition warrant is not *issued* by the Governor personally, the prisoner should be discharged on habeas corpus. See in re Tod, 12 S. D. 386, 81 N. W. 637, 76 A. L. R. 616. 47 L. R. A. 566. We think this is good law. By the Federal statute, the duty and responsibility of *issuing* the warrant of extradition is placed upon the Governor of the asylum State. It does not require that he personally sign it. Upon proper demand being made, as required by the Federal statute, in the words of the statute, "it shall be the duty of the executive authority of the State or territory to which such person has fled to cause him to be arrested and secured," etc. The duty of inspecting and considering the requisition of the Governor of the demanding State and determining whether a warrant of rendition shall be issued is a duty at least impliedly imposed by the Federal statute upon the Governor of the asylum State. The Federal statute does not specify that the Governor shall sign the warrant of rendition with his own hand, nor does our own statute, 8496 C. G. L., but he must make the decision and direct or "cause" the issuance of the warrant. But the exact question here presented is whether the Governor's warrant, which was issued on October 27, was made valid by his ratification thereof on the following day, when on his return to the city he examined the requisition papers and ratified the issuance of the warrant which had been issued on the previous day in his name by his Secretary or other Assistant.

Our conclusion is that this ratification by the Governor validated the warrant thus issued on October 27th. See State v. Moeller (Minn.), 253 N. W. 668, a well considered case closely in point.

It has been held that a Governor can revoke a warrant of rendition, and assuredly if he can revoke a warrant of ren-

dition he can ratify one already issued in his name and in his official capacity. Thus it has been held that it is ground for discharge from the custody of the agent of the demanding State that the Governor of the asylum State has revoked his warrant of extradition, and no inquiry will be made as to the grounds for such revocation. See 29 C. J. 80, and cases cited. The revocation to be effective must be issued before the alleged fugitive is taken from the asylum State. See also 25 C. J. 270, and cases cited. Of course, if the warrant of rendition had been issued in a case in which it should not under the law have been issued, the action of the Governor in subsequently ratifying it would not give it validity. But here the warrant of rendition under which these petitioners were arrested was issued in a case where a sufficient showing had been made by the requisition by the Governor of Indiana and certified copies of documents thereto attached, to authorize its issuance, and its ratification on the next day, was in our opinion sufficient to render such warrant of rendition valid and effective, as of the date it was issued.

We have held that the law does not make it mandatory on the Governor to grant a hearing before issuing an extradition warrant. State, *ex rel.* Marks, v. Chase, 95 Fla. 37, 116 So. 21, but, as above pointed out, it is required of the Governor to examine and consider the sufficiency of the requisition made by the Governor of the demanding State before issuing his warrant of rendition. It the case last cited we also held that the governor of the demanding State issuing the requisition for the fugitive is the only proper judge of the authenticity of the affidavit or indictment, and when the requisition certifies that the affidavit is duly authenticated according to law, that is sufficient to authorize the Governor of the asylum State to issue the warrant of

extradition. This was also held in Kirtz v. State, 22 Fla. 36. The case of *Ex Parte* Hart, 28 L. R. A. 801, and its annotation, is not in conflict as we understand it, with the views above expressed.

We do not consider the other questions raised in this case as being material in the present status of the case; therefore they will not be discussed.

Our conclusion is that the petitioners should be remanded to the custody of the Sheriff of Leon County under and by virtue of the Governor's warrant of extradition which the sheriff in his return shows as his authority for the arrest and custody of the petitioners.

Petitioners remanded to custody.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.