**PERRY v. CULBREATH, Sheriff.**

Circuit Court, Hillsborough County.

January 9, 1953.

182

Morison Buck, Tampa, for petitioner.

James M. McEwen, state attorney, Tampa, for respondent.

HARRY N. SANDLER, Circuit Judge.

The petitioner Frank L. Perry, Jr. was taken into custody by the sheriff of this county by virtue of a warrant of the governor of this state pursuant to an extradition warrant issued by the governor of Georgia and thereafter brought this proceeding in habeas corpus questioning the sufficiency of the extradition proceedings.

Petitioner relies mainly on Hattaway v. Culbreath, Sheriff (Fla.), 57 So. 2d 661, which was likewise a habeas corpus proceeding based on an extradition warrant from the governor of Alabama, and which arose in this court. In that case the extradition warrant was held insufficient for two reasons—(1) failure of the governor of the demanding state to authenticate two affidavits accompanying the authenticated written warrant, and (2) failure of the demand for extradition to contain the necessary allegation that the defendant was "present in the demanding state when the alleged crime was committed." An examination of the file in that case shows that the only paper authenticated by the governor of the demanding state was the "warrant," which did not contain the necessary allegation as to presence in the demanding state as required by section 941.03, Florida Statutes 1951.

In the instant case all the annexed documents are authenticated, among which is included the petition of the solicitor general, the prosecuting officer for that circuit, the affidavit, the warrant, and

a copy of the applicable statute. Petitioner contends that each of the annexed papers should be separately authenticated. In Young v. Stoutamire, Sheriff (Fla.), 176 So. 759, the Court says in discussing this question at page 761—"It thus appears that under our previous decisions the governor of Florida had before him, by the requisition of the governor of Indiana and the *documents thereto attached* which the governor of Indiana certified to as being authentic, a sufficient basis under the federal statute to authorize the governor of this state to issue the warrant of extradition." (Italics added.)

Petitioner also contends that the demand for extradition does not contain the allegation that he was present in the demanding state at the time of the commission of the alleged offense, but it is to be noted that the crime charged is covered by section 941.06, Florida Statutes 1951, which deals with "persons not present in the demanding state at the time of commission of crime," so that such allegation is not necessary. The offense here charged is an act committed in this state intentionally resulting in a crime in the demanding state. The affidavit so charges with particularity. While the warrant does not follow the exact language of the affidavit the extradition warrant is sufficient if the affidavit charges a crime. In the Hattaway case, supra, the Court referring to the allegation relative to the presence in the demanding state said at page 662— "nor does such allegation appear in the arrest warrant referred to in the governor's demand, or in the affidavit of Ruth Hattaway." The affidavit which forms the basis for the extradition warrant distinctly charged the offense, is verified by the subsequent affidavit of Mrs. Perry and the petition of the prosecuting officer, and is covered by the provisions of section 941.06.

In Ennist v. Baden, Sheriff (Fla.), 28 So. 2d 160, in discussing the two sections, 941.03 and 941.06, the Court says at page 162— "So, when the two sections are read in paria materia they require that the person sought to be extradited shall be charged by indictment, information or affidavit with committing an act in this state or in a third state intentionally resulting in a crime in the state whose executive authority is making the demand." The fact that the warrant does not follow the language of the affidavit does not vitiate the affidavit.

The petitioner is remanded to the custody of the sheriff of Hillsborough County. Writ of error is granted returnable as required by law and the supersedeas bond is fixed in the sum of $500 to be approved by the sheriff of this county.