PER CURIAM.
This is an appeal by William E. Miles from an order discharging a petition for writ of habeas corpus from a rendition warrant issued by the Governor of the State of Florida for extradition to the State of California. *
William E. Miles was arrested in Dade County, Florida, on May 23, 1975, for a traffic infraction. Following a police check, Miles was taken into custody on the information that he was wanted for crimes allegedly committed in California. Miles was released on bond pending the issuance of a Governor’s warrant. On August 6, 1975, Miles was arrested pursuant to a Governor’s warrant which was defective in that it stated that Miles was wanted by the State of South Carolina. Subsequently, a second warrant was issued and Miles filed a petition for writ of habeas corpus alleging: that the application for requisition to the Governor of California was defective on its face in that it stated that Miles committed perjury in California on February 4, 1975, when, in fact, he was in Florida on and about that date; that the application for requisition to the Governor of California and its supporting papers were defective due to vagueness and lack of specificity, in that the requisition, complaint and affidavit fail to contain any information as to the caption, style or presiding judge of the California case in which Miles is alleged to have perjured himself; and that the affidavit filed in support of the complaint for perjury was at fatal variance with the complaint and did not support probable cause for the issuance of a warrant for the arrest of Miles for the crime of perjury. After oral argument, the trial judge denied the petition for writ of habeas corpus, and entered an order discharging the petition. This appeal ensued.
After having reviewed the briefs, the record and the points made by counsel at oral argument, we find that no error is shown on appeal. First, although the application for requisition states that the alleged perjury was committed on February 4,1975, the correct date, February 4, 1974, appears in several places in the record, and it is clear that this was merely a typographical error.
Second, Section 941.03, Florida Statutes (1975), provides in pertinent part:
. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; . (emphasis supplied)
Miles contends that the complaint is insufficient and fails to substantially charge a crime under applicable California law in that it fails to allege before whom the *248 allegedly false oath was taken. We find this argument to be without merit as the complaint on its face states that he took
. an oath that he would testify truly before the Superior Court of the State of California in and for the County of Alameda, a competent tribunal, in a case in which an oath by law may be administered .
Neither do we find merit in the remaining point, that the complaint and its supporting affidavit fail to set forth probable cause. As stated in Kurtz v. State of Florida, 22 Fla. 36, 45, 1 Am.St.Rep. 173 (1886),
The courts in a Habeas Corpus proceeding of this kind, where the prisoner is arrested for extradition, cannot go into a trial of the merits of the cause. The proceeding is only an initiatory step to a trial in another State. As to the guilt of the prisoner, they are not allowed to inquire. Their judicial powers are limited to a determination on the sufficiency of the papers and the identity of the prisoner. . .
Affirmed.