This appeal has been taken from an order of the court below entered in a habeas corpus proceeding, which order remanded the accused, appellant here, to the custody of the Sheriff of Pinellas County, Florida, appellee here. The accused was apprehended by the Sheriff under the authority of a Rendition Warrant issued by the Governor of Florida upon the demand of the Governor of Illinois.
There was attached to said Rendition Warrant an exemplified copy of the indictment filed against the accused in Rock Island County, Illinois, a copy of the capias issued by Rock Island County, Illinois, and a copy of the "Demand" by the Executive Department of the State of Illinois, authorizing and empowering Claude J. Taylor, as agent of the State of Illinois, to receive the fugitive from the authorities in the State of Florida and convey her to the State of Illinois. There was not attached to said Rendition Warrant a copy of the Requisition from the Governor of Illinois to the Governor of Florida, certifying as authentic the above-mentioned papers.
The Rendition Warrant did, however, recite that demand had been made by the Executive Authority of the State of Illinois to the Executive Authority of the State of Florida for the delivery and surrender of the accused as a fugitive from justice from said State of Illinois; and that a copy of the indictment, and warrant, charging the accused with a crime against the laws of said State had been filed with *Page 709 
the Executive Authority of the State of Florida, "certified as authentic by the Executive of said State of Illinois."
Inasmuch as the law presumes that the chief executive of a State performs his duty, the above recitals of the essential jurisdictional facts were sufficient to justify the apprehension and detention of the accused by the Sheriff, even though the copies of the documents referred to were not attached to the Rendition Warrant or their substance set forth or recited therein. State ex rel. Peck v. Chase, 91 Fla. 413, 107 So. 541. The burden of overcoming the prima facie case made by the Rendition Warrant was upon the accused. Chase, Sheriff, v. State ex rel. Burch, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271.
No testimony was transcribed at the hearing before the court below in the habeas corpus proceedings, and the cause is submitted to this court upon an agreed statement of facts. It appears therefrom that counsel for the accused objected at the hearing to the sufficiency of the papers attached to the Rendition Warrant "as being insufficient as a predicate for the issuance of a warrant of rendition by the Governor of the State of Florida." It also appears, from said agreed statement of facts, that during the proceedings below Sheriff Claude J. Taylor, an agent of the State of Illinois, represented that the only papers he had and the only papers he used at the extradition proceedings in the Governor's office were those attached to the Rendition Warrant, as listed above.
Counsel for the accused contends here, and we agree with such contention, that a Rendition Warrant based upon documents not certified as authentic by the Executive Authority of the demanding state, would be illegal and void. Counsel also insists that the agreed statement of facts, upon which this case is submitted on appeal, constitutes a stipulation that no other papers than those attached to the Rendition Warrant were submitted to the Governor of Florida by the Governor of Illinois, in support of the request for the extradition of the accused.
With this latter contention we cannot agree, since the only basis for such is contained in the statement attributed to Sheriff Claude Taylor that the only papers he had and the only papers he used at the extradition proceedings in the Governor's office were those attached to the Rendition Warrant.
But even if it be considered that it was so stipulated, this court cannot consider itself bound by such stipulation in the instant case. An extradition proceeding is a step in the prosecution of an accused person for a criminal offense. The public interest is affected by such proceedings, and this court is charged with the protection of such interest to the same extent as those officers upon whom the duty is immediately imposed. The proper administration of the criminal law cannot be left merely to the stipulation of the parties. Young v. United States, 315 U.S. 257, 62 S.Ct. 510, 86 L.Ed. 832.
This court will take judicial notice, as the court below could have done, of the records of extradition proceedings on file in the office of the Secretary of State. See State ex rel. Lane Drug Stores v. Simpson, 122 Fla. 582, 166 So. 227. And the failure of the lower court to take judicial notice of these records does not necessarily prevent this court from so doing. 3 Am.Jur., Appeal and Error, Section 834, page 376. This is especially true in the instant case, where the failure to take such judicial notice would result in the discharge of the accused, which would not only prevent the administration of justice by the Illinois court, but would also release the accused for possible depredations against the people of this state.
We will, therefore, take judicial notice of the record of the extradition proceedings on file in the office of the Secretary of State relating to the accused, and which proceedings are here attacked. From such records, it affirmatively appears that there was submitted to the Governor of Florida by the Governor of Illinois an official Requisition, demanding the delivery and surrender of the accused as a fugitive *Page 710 
from justice from said State of Illinois, and certifying as authentic the papers thereto appended, including the indictment and other papers attached to the Rendition Warrant as well as affidavits of the State Attorney of Rockland County, Illinois, and of Harry Schriver that the accused was in Rock Island in Rockland County, Illinois, on the date upon which the offense for which extradition was sought was alleged to have been committed.
This court held in State ex rel. Landis v. Thompson, 121 Fla. 561, 164 So. 192, that
"Judicial notice not only supplies want of evidence to establish fact judicially noticed, but necessarily precludes all attempts to proffer contradictory evidence to refute what court holds that it must judicially know."
It is our opinion, therefore, that the Rendition Warrant in the instant case was issued in accordance with the law, and that the lower court did not err in remanding the accused to the custody of the Sheriff of Pinellas County, Florida.
The order appealed from is affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.