PIERCE, Judge.
Appellant, Boyd W. Cox, Jr., petitioned the Circuit Court for Manatee County for a writ of habeas corpus to test validity of an executive warrant of rendition theretofore issued by the Governor of Florida, upon which warrant appellant was being held in custody awaiting transfer to the State of Tennessee to answer a criminal charge then pending in that State. The executive warrant issued by the Florida Governor recited that the criminal charge in Tennessee upon which extradition was demanded was “failing to comply with *469 support order of Code Section 39-219 T. C.A.”
After hearing, the Circuit Judge entered order which, in effect, dismissed the petition and denied issuance of the writ, holding that the executive warrant “along with affidavits, warrant and allied papers from the State of Tennessee” were not sufficient to permit extradition of appellant under Chapter 941, Florida Statutes, F. S.A., hut were legally sufficient for such extradition under Chapter 88, Florida Statutes, F.S.A.
The petition for the writ challenged the validity of the rendition warrant upon the ground that appellant was charged in Tennessee with failing to support his children “while he was absent from the State of Tennessee,” and that because thereof the warrant “and the charges contained therein” did not meet the requirements of Chapter 941, Florida Statutes, F.S.A. As already stated, the Circuit Judge held such contention to be valid insofar as Chapter 941 was concerned but held the extradition warrant and the “papers from the State of Tennessee” sufficient for extradition under Chapter 88, Florida Statutes, F.S.A.
We think the Circuit Judge was eminently correct and we affirm.
Chapter 941, Florida Statutes, F.S.A., provides for extradition from Florida to another state of anyone charged with a criminal offense in the other state and whose removal from Florida is sought by that state for purpose of criminal prosecution therein.[1] Section 941.03 Florida Statutes, F.S.A., provides safeguards for such person so sought to be extradited from Florida by requiring certain requisites to be complied with by the demanding state before Florida will extradite. Thus, the demand to the Florida Governor must, among other things, allege that “ * * * the accused was present in the demanding state at the time of the alleged crime, and that thereafter he fled from the state[2] # ijs * if
The demand papers from the Tennessee Governor in the instant case disclosed conclusively that at the time the alleged crime of “failing to comply with support order” was committed, the person sought, Boyd W. Cox, Jr., was not personally present within the demanding state. While in some of these papers it is represented in general language that Cox had “fled from the State of Tennessee,” and that he was “a fugitive from justice thereof [3],” the record contains more specific statement of facts conclusively establishing that Cox was not in the State of Tennessee at such time. The “state warrant” signed by Alfred Frazier, Judge of Division 2 of the Court of General Sessions for Knox County, Tennessee, reciting the affidavit of Mrs. Margaret G. Cox, the complaining witness, alleged that the crime was allegedly committed by Cox “while absent from the State.” This “state warrant,” which was duly and properly authenticated, is one of the “demand papers” upon which the extradition request was predicated, and is in fact the indispensable foundation upon which the whole extradition request rests. The Circuit Judge therefore correctly held that *470 Chapter 941, Florida Statutes, F.S.A., could not be availed of to sustain the warrant of rendition.
We turn therefore to a consideration of Chapter 88, Florida Statutes, F.S.A., which the Circuit Judge held was sufficient authority to justify the warrant. Chapter 88, known as the “Uniform Reciprocal Enforcement of Support Law,” is comprehensive in terms, providing for remedies both civil and criminal in nature, and is designed for purpose of enforcing the legal obligation of a husband and father to support his wife and children, even though such dependents may be in another State.[4] Section 88.061, Florida Statutes, F.S.A., provides for extradition from Florida of persons in this state so charged in another state with the criminal offense of failing to provide for the support of a dependent or dependents in that state. Said Section, in its pertinent parts, reads as follows:
“The governor of this state * * * may surrender on demand by the governor of any other state any person found in this state who is charged in such other state with the crime of failing to provide for the support of a person in such other state. * * * (and the provisions for extradition of such person) * * * shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or other state.[5]”
The demand papers accompanying-the Florida Governor’s warrant of rendition, and which were before the Circuit Judge and are incorporated in the record here, show conclusively the pendency of a criminal charge against Boyd W. Cox,. Jr., in the Criminal Court of Knox County, Tennessee. The criminal charge was-the violation of a Court order providing for the support of his two minor children, said Court order having been rendered by the Court of Domestic Relations-for Knox County, Tennessee. It sufficiently appears that such is a felony under-Tennessee law. The “form of demand”requesting extradition of Cox to Tennessee was in all respects legally comparable to-those held sufficient in Clarke v. Blackburn, Fla.App.1963, 151 So.2d 325, and Trice v. Blackburn, Fla.App.1963, 153 So.2d 32. So it is that the legal requirements imposed by Chapter 88, Florida Statutes, F.S.A., for extradition under that Chapter have been-sufficiently met. The Circuit Judge properly so held.
 It is true that the recitals in the-rendition warrant of the Florida Governor and the demand papers from the demanding state accompanying such warrant constitute only prima facie evidence of facts therein stated (Trice v. Blackburn, supra), yet such recitals are sufficient for extradition in the absence of any sufficient evidence to the contrary, certainly upon failure of the person named in said warrant to offer any contrary or contradicting proof whatever, as here. Section 79.01, Florida Statutes, F.S.A., imposes the burden upon any person applying for a writ of habeas corpus to “show by affidavit or evidence probable cause to believe that he is detained in custody without lawful authority.”' But in the instant case, Cox, when applying for the habeas corpus writ, appended *471 no affidavit whatever to his petition and did not even sign it himself, merely contending in the abstract therein that the Florida Governor’s warrant “and the ■charges contained therein” were insufficient under Chapter 941, Florida Statutes, F.S.A., to justify extradition to Tennessee. And at the hearing upon the petition for writ no evidence whatever was adduced or tendered to in any way refute any of the recitals or charges contained in the rendition warrant or other papers. This affirmatively appears from the final •order of the Circuit Judge appealed from and the “Stipulation of Facts” contained in the record, purportedly containing a réstimé of the “proceedings” before the Circuit Judge upon hearing of the petition. The showing therefore made by the rendition warrant and the allied papers accompanying same stands unimpcached and even unchallenged.
None of the infirmities existing in the executive warrants involved in Clarke and Trice aforesaid, shown there to exist by sworn proof aliunde the rendition warrant and allied papers therein, are present in the case sub judice. Unlike the facts in Clarke, there is no question here of the legitimate paternity of the minor children. And unlike the facts in Trice, there was no issue involved in the instant case as to whether or not appellant Cox was or was not a fugitive from justice from the State of Tennessee under Chapter 88, Florida Statutes, F.S.A., aforesaid. Therefore, the very excellent opinions .in the two cited cases, both prepared by my distinguished predecessor on the bench, Judge Sherman N. Smith, Jr., in their determinative distinctions, are not here controlling.
Accordingly, the order denying the petition for writ of habeas corpus, and refusing to issue the writ, is affirmed with directions to the Circuit Court, upon the going down of the mandate herein, to issue instanter a peremptory order requiring appellant to be immediately taken into custody for surrender to the authorized agent or agents from Tennessee under the Governor’s rendition warrant.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.

. This Chapter, originally passed as c. 20460, General Laws of Florida, 1941, was enacted pursuant to Article IV, section 2, of the Federal Constitution and the laws of the Congress passed pursuant thereto; 18 U.S.C.A. §§ 3182, 3194, 3195; 9 Uniform Laws Annotated.

. Sections 941.05 and 941.06, Florida Statutes, F.S.A., do provide for extradition under the Uniform Interstate Extradition Act of persons who may not have been physically present in the demanding state at the time the alleged crime was committed, but such sections have to do with exceptional circumstances not here involved, and the instant extradition request was not predicated thereon.

.As recited in the certificate from Clarence Blackburn, the District Attorney General of the Third Judicial Circuit of the State of Tennessee to Hon. Frank Clement, Governor of Tennessee, dated June 5, 1964.

. This Uniform Act has been enacted in 34 states, plus the District of Columbia, Guam, Puerto Rico and the Virgin Islands.

. D.S. section 88.041, F.S.A. provides that “the remedies herein provided are in addition to and not in substitution for any other remedies,” which would contemplate the remedies provided by F.S. Chapter 941, F.S.A. aforesaid.