PEARSON, Judge.
The appellant, Robert Parks, a petitioner for habeas corpus in the circuit court, has appealed a final judgment of remand.
Appellant was arrested and taken into custody by the Sheriff of Dade County, Florida, pursuant to an executive rendition warrant issued by Governor Claude R. Kirk, Jr. The executive warrant was based upon a demand by the Governor of North Carolina and various papers which were annexed to the demand.
Following the arrest, the appellant was taken before a circuit judge. Apparently no order of remand was signed at this time. The circuit judge directed that the appellant should have the opportunity to consult with the public defender. As a result of this consultation, the public defender corresponded with North Carolina officials in an attempt to obtain permission for the appellant to remain in Dade County, Florida, on parole. This request was denied.
Subsequently, appellant brought a petition for a writ of habeas corpus. At the hearing on the petition, the appellant contended that (1) the sheriff’s return was insufficient because no one was present at the hearing who had signed any of the extradition papers; (2) that the extradition papers did not reveal that appellant was represented by counsel at the time of his conviction (the rendition warrant identifies the appellant as an escaped parolee) ; (3) that appellant was not responsible for his parole violation because he was a chronic alcoholic. The trial judge ruled that these matters were not sufficient to invalidate the warrant, whereupon he entered the order appealed.
On this appeal the attorney for appellant urges that the rendition warrant is based upon documents not properly certified as authentic by the executive authority of the demanding state. See Schriver v. Tucker, Fla.1949, 42 So.2d 707; Hattaway v. Culbreath, Fla.1952, 57 So.2d 661. We hold that inasmuch as this question was not presented to the trial court, it may not be raised for the first time on appeal. See State ex rel. Kimbro v. Starr, Fla.1953, 65 So.2d 67.
Affirmed.