HENDRY, Judge.
Appellant, Martin Sklaroff, was arrested by the appellee on a Rendition Warrant issued by the Governor of Florida for appellant’s extradition to the state of New York.
Appellant sued out a writ of habeas corpus. No attack was made on the extradition documents annexed to the warrant. Petitioner did not deny his identity in his petition, but did allege that he had no knowledge as to whether he was the person named in the New York indictment upon which the extradition warrant was based.
At the hearing the state introduced only the extradition documents. The petitioner offered no evidence. Whereupon the court remanded the petitioner for rendition.
Appellant seeks reversal, on the ground that the state failed to offer sufficient evidence as to the identity of the petitioner. We cannot agree.
An executive Rendition Warrant issued by the Governor of Florida, regular on its face, and the documents annexed thereto, certified by the Governor of the demanding state to be authentic, constitute *724 prima facie evidence of the facts therein stated, and such recitals are sufficient for extradition in the absence of any evidence to the contrary or contradicting- proof whatever. Chase v. State, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271; State ex rel. Florio v. McCreary, 123 Fla. 9, 165 So. 904; Cox v. State, Fla.App. 1965, 180 So.2d 467; Trice v. Blackburn, Fla.App.1963, 153 So.2d 32.
By failing to offer any evidence of his own to rebut the state’s prima facie showing of correctness of identity, the petitioner thereby also failed to meet his burden of overcoming such prima facie proof. Therefore, the court was correct in entering its final judgment of remand.
This court finding no error, the judgment is hereby affirmed.