WALDEN, Judge.
This is an appeal from a Circuit Court denial of appellant’s Petition for Writ of Habeas Corpus. We reverse and remand with instructions to grant the petition and attendant relief.
Pennsylvania sought the extradition of appellant via the provisions of Chapter 941, F.S. There is no factual dispute. The Pennsylvania Governor’s Requisition Warrant was obviously deficient as neither it nor accompanying papers were signed or authenticated. The single exception was the document authorizing the Pennsylvania peace officers to take appellant in custody from the Florida authorities. It, alone, was in proper form.
Clearly, the provisions of F.S. § 941.03 require that the Governor’s Requisition and accompanying papers be signed or duly authenticated. The State recognizes that this was not done.
The trial court denied habeas corpus on two bases:
1. The papers were certified “as evidence by the Governor of Pennsylvania’s photocopied certificate.”
2. “[T]hat the rendition warrant of the Governor of Florida . . . shows on its face that the Governor of Florida found the supporting documents to be certified as authentic by the Governor of Pennsylvania.”
Point 1 above is insubstantial as obviously a photocopy is not the same as a signed or authenticated copy — and it is not contended otherwise by the State.
Further on Point 2 above, the trial court said:
“I want to hold, gentlemen, that on the basis of Schriver v. Tucker, 42 Southern 2nd 707, that the recital in the rendition warrant of the Governor of Florida, signed by Rubin Odonlan Askew that he has found that the documents from Pennsylvania are certified as authentic is sufficient to cure the apparent and ig-matic absence of the signature of Governor Shapp of Pennsylvania’s requisition.”
*478 The State’s position is summed up in this cite from its brief:
“There can be little question that a proper executive Rendition Warrant was issued in the case sub judice. In the Rendition Warrant in the case sub ju-dice, the Governor of the State of Florida has stated that he found that the documents from Pennsylvania were certified as authentic.
‘Inasmuch as the law presumes that the chief executive of a State performs his duty, the above recitals of the essential jurisdictional facts were sufficient to justify the apprehension and detention of the accused by the Sheriff, even though the copies of the documents referred to were not attached to the Rendition Warrant or their substance set forth or recited therein. State ex rel. Peck v. Chase, 91 Fla. 413, 107 So. 541. The burden of overcoming the prima facie case made by the Rendition Warrant was upon the accused. Chase, Sheriff, v. State ex [rel.] Burch, 93 Fla. 963, 113 So. 103, 54 A.L.R. 271. (Emphasis State’s.)
“Schriver v. Tucker, 42 So.2d 707 at 709 (Fla.1949); see also State ex rel. Sklaroff v. Purdy, 219 So.2d 723 (3DVA 1969); Di Piero v. State, 300 So.2d 700 (3DCA 1974).”
We agree with the quote when it says that the Rendition Warrant from Florida made a prima facie case of regularity and that it was appellant’s burden to overcome it.
Clearly if the pertinent extradition papers are not certified as authentic by the Executive Authority of the demanding state, they are illegal and void. Schriver v. Tucker, 42 So.2d 707 (Fla.1949) ; Hattaway v. Culbreath, 57 So.2d 661 (Fla.1952).
And so it is our view and judgment that appellant carried the burden of overcoming the prima facie case made by the Rendition Warrant when he showed, without dispute, that the required extradition papers were not signed or authenticated. We reverse upon authority of Hattaway v. Culbreath, supra, and Schriver v. Tucker, supra.
Reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.