381 So.2d 1191 (1980)
STATE of Florida ex rel. William GANDERT, III, Appellant,
v.
William T. ROBERTS, Sheriff of Pinellas County, Appellee.
No. 79-2106.
District Court of Appeal of Florida, Second District.
March 26, 1980.
*1192 Jack O. Johnson, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
William Gandert appeals from the denial of his petition for writ of habeas corpus.
Gandert was arrested in Tarpon Springs as an alleged fugitive from Michigan on a charge of making, drawing or uttering three insufficient fund checks. Michigan sought his extradition under the provisions of Chapter 941, Florida Statutes, the Uniform Interstate Extradition Act. Attached to the governor of Michigan's written demand are copies of a Michigan complaint against appellant for the alleged offenses and a warrant for his arrest, both of which are certified to be authentic by the Michigan governor. Also accompanying the demand are an application for requisition and an affidavit sworn by the prosecuting attorney in Sanilac County, Michigan, neither of which is authenticated by the governor of Michigan.
Appellant argues that because the demand from the governor of Michigan incorporates by reference only two items accompanying the demand, i.e., the complaint and warrant, neither of which alleges appellant's presence in Michigan at the time of the alleged offenses, appellant's petition for writ of habeas corpus should have been granted. We agree and reverse.
The provisions of Section 941.03, Florida Statutes (1979), require that the written demand from the governor of the demanding state must allege that the accused was present in the demanding state at the time of the alleged crime. The demand by the governor of Michigan does not contain such an allegation, and thus is fatally defective under the holding in Hattaway v. Culbreath, 57 So.2d 661, 663 (Fla. 1952).
The State argues that because appellant's presence in Michigan at the time of the commission of the alleged offense may be ascertained from the application for requisition attached to the Michigan governor's demand, the demand satisfies the requirements of Section 941.03. We would agree if the attached application for requisition, which alleges the accused's presence, had been certified by the governor of Michigan to be authentic. See Blackburn v. Munson, 155 So.2d 730 (Fla. 2d DCA 1963); Pecnik v. Blackburn, 132 So.2d 604 (Fla. 2d DCA 1961). However, such is not the case. Extradition papers not certified as authentic by the executive authority of the demanding state are illegal and void. Palmer v. State, 312 So.2d 476 (Fla. 4th DCA 1975).
*1193 Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and OTT, J., concur.