407 So.2d 991 (1981)
Robert G. MOORE, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1428.
District Court of Appeal of Florida, Third District.
December 15, 1981.
Rehearing Denied January 21, 1982.
Joel Hirschhorn and Harry M. Solomon, Miami, for appellant.
Jim Smith, Atty. Gen. and Leonard L. Elias, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
This is an appeal from a final order discharging a writ of habeas corpus and quashing the amended petition therefor and remanding the appellant to the custody of the State of Florida to abide extradition.
This is the second successive extradition proceeding involving the appellant. In a prior extradition proceeding, the appellant sought a writ of habeas corpus in the circuit court and following the discharge of the writ and quash of the petition, he perfected an appeal to this court. During the pendency of that appeal, the rendition warrant *992 for the appellant's arrest was recalled by the Governor of Florida, pursuant to Section 941.21, Florida Statutes (1979), based upon the underlying withdrawal of the requisition warrant by the Governor of Connecticut. As a result, the first appeal was dismissed as moot. Moore v. State, 384 So.2d 1385 (Fla. 3d DCA 1980).
A second requisition warrant was issued by the Governor of Connecticut and the Governor of Florida again issued a rendition warrant to abide appellant's extradition to the Governor of Connecticut. The appellant applied to the circuit court for a writ of habeas corpus which was issued. Prior to the return date, he filed an amended petition. After hearing, the trial court denied the petition for writ of habeas corpus and discharged the writ of habeas corpus previously issued. This appeal followed.
The requisition warrant which was relied upon for the rendition warrant contained a sworn application which read in part:
No other application has been made, nor has any other requisition been issued for this person, growing out of the transaction set out in the present complaint.
The appellant contends that the trial court erred in discharging the writ of habeas corpus because that statement was a material misrepresentation of fact or one that was made with reckless disregard of the truth. We do not agree.
First, it is clear that the release of a person on extradition proceedings under the present circumstances is not a bar to a second extradition proceeding. See, Bassing v. Cady, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540 (1908); Kurtz v. State, 22 Fla. 36 (1886).
When extradition is sought, a written demand is filed in accordance with Section 941.03, Florida Statutes (1979). The governor examines the demand to see that it contains the allegations required by Section 941.03, supra. Upon determining that the demand should be honored, the governor issues a warrant of arrest. A fugitive who opposes extradition may seek a writ of habeas corpus. § 941.10, Fla. Stat. (1979). Our scope of review of a habeas corpus proceeding is exceedingly narrow.[1] The role of the judiciary in habeas corpus proceedings is limited to a determination that the jurisdictional prerequisites to the issuance of his warrant exist. These are (a) the extradition documents on their face are in order; (b) the petitioner has been charged with a crime in the demanding state; (c) the petitioner is the person named in the request for extradition; and (d) the petitioner is a fugitive. Michigan v. Doran, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521, 527 (1978); Fauls v. Sheriff of Leon County, 394 So.2d 117, 118 (Fla. 1981).
In the present case, no challenge has been made to any of these four requirements. The alleged material misrepresentation, of which the appellant complains, does not relate to any allegations required under Section 941.03, Florida Statutes (1979). Since the executive warrant was regular on its face and complied with the essential requirements, it constitutes evidence of the facts therein stated and of the authority of the officer to arrest and detain the petitioner. State ex rel. Huston v. Clark, 121 Fla. 161, 163 So. 471 (1935); State ex rel. Sklaroff v. Purdy, 219 So.2d 723 (Fla.3d DCA 1969). Consequently, when the jurisdictional requirements were met, a prima facie case of regularity of extradition was established. State v. Gale, 312 So.2d 824 (Fla.4th DCA 1975), cert. denied, 327 So.2d 32 (Fla. 1976). No evidence was presented by the petitioner to rebut the jurisdictional basis of the proceedings and therefore he failed to overcome the state's prima facie showing of the propriety of extradition. State ex rel. Sklaroff v. Purdy, supra.
For the foregoing reasons, we affirm.
NOTES
[1] The appellant urges that the governor of the rendition state has the authority under Section 941.04, Florida Statutes (1979) to make an investigation into a case. We do not reach that argument because our only concern here is with the permissible scope of this court's inquiry on review of a habeas corpus proceeding.