420 So.2d 604 (1982)
Scott Kevin WHEATON, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1907.
District Court of Appeal of Florida, Third District.
July 27, 1982.
Rehearing Denied September 15, 1982.
Roy E. Black and Frank C. Furci, Miami, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HENDRY and DANIEL S. PEARSON, JJ., and WOODROW M. MELVIN (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
The facts are not in dispute. Scott Wheaton was indicted by a Commonwealth of Virginia grand jury on November 10, 1980, for conspiracy to sell, distribute and possess controlled substances. The Governor of Virginia requested that Wheaton be extradited from Florida. The requisition warrant stated, inter alia, that Wheaton was present in Virginia at the time of the commission of the crime, thereafter became a fugitive from justice, and took refuge in Florida. The Governor of Florida denied extradition apparently because the supporting documents showed that Wheaton was not present in Virginia at the time of the commission of the crime charged and was not therefore subject to extradition under Section 941.03, Florida Statutes (1979), under which the request was made.[1]
In December 1980, the same Virginia grand jury returned a superseding indictment against Wheaton. The new indictment charged the same conspiracy, expanded the time covered by the conspiracy, and set forth the offense in greater detail. On January 15, 1981, the Governor of Virginia again demanded the extradition of Wheaton, but under Section 941.06, Florida Statutes (1979).[2] The new requisition warrant began:

*605 "Whereas, it appears by application, indictment, etc. which are hereunto annexed and which I certify to be authentic and duly authenticated in accordance with the Laws of this State... ."
Annexed to this request was the December 1980 indictment, to which was attached a clerk's authentication, not of the December 1980 indictment, but of the earlier indictment.
Section 941.03, Florida Statutes (1979), provides in pertinent part:
"No demand for the extradition of a person charged with a crime in another state shall be recognized by the Governor unless in writing and accompanied by an authenticated copy of an indictment found ... in the state having jurisdiction of the crime ... [T]he copy of indictment ... must be authenticated by the executive authority making the demand." (emphasis supplied).
The State argues that the recitation in the requisition warrant that the Governor of Virginia certifies the December 1980 indictment to be authentic completely satisfies the statute's authentication requirement. While we agree that without the Governor's authentication, extradition could not be upheld, Sullivan v. State ex rel. Pardew, 49 So.2d 800 (Fla. 1951); State ex rel. Gandert v. Roberts, 381 So.2d 1191 (Fla. 2d DCA 1980); Palmer v. State, 312 So.2d 476 (Fla. 4th DCA 1975), the issue here is whether the prima facie case for extradition which the Governor's authentication arguably establishes is overcome by the fact that a supporting document, that is, the clerk's authentication, indisputably shows that the December 1980 indictment upon which the requisition warrant depends was not, as the Governor also alleged, "duly authenticated."
In our view, the Governor of Virginia's statement that the documents are authentic, while functioning as the ultimate authentication, does not serve to authenticate an otherwise unauthenticated indictment. The requirement of Section 941.03 that the Governor's demand be accompanied by an authenticated copy of an indictment is not contained in the Uniform Criminal Extradition Act, see Unif. Extradition Act § 3, 11 U.L.A. 35 (1974), upon which Chapter 941 is otherwise patterned.[3] It is well settled that a statute must be read, if possible, so as to give meaning to all its parts, State v. Rodriguez, 365 So.2d 157 (Fla. 1978); Wilensky v. Fields, 267 So.2d 1 (Fla. 1972); Piantadosi v. State, 399 So.2d 382 (Fla. 3d DCA 1981). A fortiori, where the statute adds a provision not found in an act upon which it is patterned, we must presume that the Legislature intended the added words to have meaning. Thus, we read the requirement that the accompanying copy of the indictment be authenticated as contemplating a separate authentication by the appropriate person in charge of the records of the court wherein the grand jury sat and the indictment was returned. Were the Governor's blanket statement of authenticity enough, then there would be little need to have an authenticated copy of the indictment accompany his request, and this separate provision would have no meaning at all.[4]
We fully recognize that the role of a court in a habeas corpus proceeding challenging the issuance of a rendition warrant is limited. Nonetheless, as limited as our role is, it includes our right to determine whether the extradition documents on their face are in order. Fauls v. Sheriff of Leon County, 394 So.2d 117 (Fla. 1981); Moore v. State, 407 So.2d 991 (Fla. 3d DCA 1981). *606 Here the document which purported to authenticate the December 1980 indictment under which extradition was requested in fact authenticated an earlier indictment as to which an extradition request had been refused. Thus, the extradition papers are quite clearly deficient, see Battles v. State, 389 So.2d 957 (Ala.Cr.App. 1980), and the deficiency is hardly technical:
"The statute is one involving the substantial rights of citizens, and its essential elements must be strictly followed... . Only by faithfully following the provisions of this statute may a person be lawfully deprived of his liberty and extradited from an asylum state to another state, there to be tried for the commission of a crime. The alleged fugitive has a right not to be imprisoned or dealt with by the states in disregard to those safeguards provided by the Constitution and statutes of the United States." United States ex rel. McCline v. Meyerling, 75 F.2d 716, 717 (7th Cir.1934) (citations omitted).
We have considered Wheaton's other points on appeal and find them to be without merit. However, for the reasons stated, the trial court's order denying Wheaton's petition for writ of habeas corpus and remanding the petitioner to custody for return to Virginia is reversed and the cause remanded to the trial court for further proceedings consistent herewith.
NOTES
[1] Under Section 941.03, it must be shown "that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state... ."
[2] Under Section 941.06, it must be shown that the accused committed an act in a state other than the demanding state intentionally resulting in a crime in the demanding state even though the accused was not present therein when the crime was committed and did not flee therefrom.
[3] It appears that only Maine and Florida have added the requirement that the demand be accompanied by an authenticated copy of the indictment. The pertinent provision of the Uniform Act reads:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing ... and accompanied by a copy of an indictment found ... in the state having jurisdiction of the crime... ."
[4] The trial court's order relied on Kurtz v. State, 22 Fla. 36 (1886), which was decided under a federal statute which, like the uniform law, contained no separate requirement that a copy of the indictment be authenticated.