PER CURIAM.
Following our opinion and decision reported in Wheaton v. State, 420 So.2d 604 (Fla. 3d DCA 1982), the appellee was again indicted by a grand jury in a different county in the State of Virginia, and he was subsequently arrested in Florida on an executive rendition warrant. The appellee again instituted a habeas corpus proceeding which resulted in a trial court order of release based on the doctrine of res judica-ta. Counsel for the appellee urges affirmance based upon the following authorities. Crane v. Hayes, 253 So.2d 435 (Fla.1971); State v. Drumright, 116 Fla. 496, 156 So. 721 (1934); Stack v. State, 333 So.2d 509 (Fla. 4th DCA 1976). We reverse and find these authorities not applicable to the instant case.
The subsequent indictments are based on crimes that allegedly occurred subsequent to those involved in the earlier proceedings and therefore the first proceeding could not be res judicata. See and compare Kurtz v. State, 22 Fla. 36 (1886); Stack v. State, supra; 28 Fla.Jur.2d Habeas Corpus sec. 121 p. 570. It is true that the papers forwarded to the chief executive of the State of Florida did have attached thereto the original indictment which was the subject matter of the prior litigation. This will not invalidate the recent extradition request. See the following authority. State v. Soto, 423 So.2d 362 (Fla.1982); Freeman v. Blackburn, 92 So.2d 262 (Fla.1957).
Therefore, for the reasons above stated the final order discharging the petitioner/appellee herein be and the same is *493 hereby reversed with directions to the trial court to remand the custody of the appellee to the Virginia authorities.
Reversed with directions.
BARKDULL and NESBITT, JJ., concur.
DANIEL S. PEARSON, J., concurs in result.