STATE, *ex rel.* ANTHONY FLORIO, named ANTONIO FLORIO, v. S. D. McGREARY, *Chief of Police of Miami.*

165 So. 904.
Division A.
Opinion Filed February 21, 1936.

10

*Hendricks & Hendricks,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

BROWN, J.—This writ of error brings before us for review a judgment of the Circuit Court for Dade County in habeas corpus proceedings remanding the petitioner to custody. The return of the respondent officer showed that petitioner had been arrested on a "fugitive warrant" and that after his arrest the Governor had granted extradition. The petitioner traversed the allegations of the answer.

Upon the hearing, it developed that the petitioner was being held under an executive warrant of extradition, duly executed by the Governor of this State, which was in the usual form and regular upon its face, and which was introduced in evidence by respondent. It recited among other things that the executive authority of the demanding State had filed with the executive authority of this State "a copy of affidavit made before a Connecticut magistrate charging the said person so demanded with having committed in said State of Connecticut against the laws of said State of Connecticut the crime of conspiracy and theft and which is certified as authentic by the Exectutive of said State of Connecticut."

The respondent also offered in evidence what purported to be certain papers which were before the Governor of this State when he issued the executive warrant, though it was not clearly shown that *all* the papers which were before the Governor were introduced in evidence. The demand or requisition of the Governor of Connecticut was not introduced, nor any certificate of any sort by him authenticating any of the papers which were introduced.

It is well settled that where the executive warrant of extradition is regular and sufficient upon its face, it constitutes *prima facie* evidence of the facts therein set forth and of the authority of the authorized officer to arrest and detain the petitioner in custody for the purpose stated in such war-

rant, the burden of overcoming the *prima* facie case made by the warrant being upon the accused. Chase v. State, 93 Fla. 963, 113 So. 103.

But the respondent officer in this case, represented by an Assistant State Attorney, went further and introduced in evidence what purported to be the papers, or some of them, upon which the Governor of Florida acted. If we would be justified in assuming that these were all the papers that the Governor had before him at the time he issued his warrant, the Governor would not have been authorized, under the controlling Federal statute, to issue it, as they were not shown to have been authenticated by the Governor of Connecticut. The papers introduced were, first, a copy of an undated and unverified information, charging Antonio Florio and two others, Malavisa and Bertini, in two counts, with conspiracy to commit, and the actual commitment, of the theft of merchandise of the value of $11,000.00, on May 17, 1933, which was signed by the Assistant City Attorney of New Haven, Connecticut, and filed in the City Court of that City, as shown by the certificates of the clerk and judge of that court.

Even if this information had been authenticated by the Governor of Connecticut, it is doubtful whether it would have been a sufficient basis for the issuance of the warrant by the Governor of this State. The governing Federal statute requires that along with the requisition of the executive of the demanding State, he shall furnish the executive of the asylum State with a copy of "an indictment found" or an "affidavit made before a magistrate" of the State or territory where the crime was committed, charging the person demanded with having committed treason, felony or other crime, and certified as authentic by such Governor of the demanding State. State, *ex rel.* Pack, v. Chase, 91

Fla. 413, 107 So. 541. The question of the sufficiency of an unverified information as a basis for extradition proceedings was discussed, but not decided, in the case of Mitchell v. Stoutamire, 113 Fla. 822, 828-832, 152 So. 629, 631-632. See also 29 C. J. 73-74. And it is not necessary for us to decide it here.

There was also introduced in evidence an affidavit, made before a Connecticut magistrate, a justice of the peace for New Haven County, by Joseph Bertini, who was named in said information as one of Florio's co-principals. This affidavit is evidentiary in its nature, and contains some hearsay. While it does not make a straight charge of crime in the usual formal way where an affidavit is made as basis for the issuance of a warrant the facts stated, if true, amount to a showing that Florio was a party to a conspiracy to "hi-jack" a truck load of merchandise, from a truck belonging to "Blindy's Motor Express Co.," and had possession of the merchandise shortly after it was stolen. Bertini did not connect himself or Florio with the actual taking. This affidavit was probably made for the use of the prosecuting attorney. The same might be said of the affidavit of one Raill, the truck driver, who stated that Bertini arranged with him for a promised consideration, to park the truck at an agreed place in New Haven, so he and "his associates" could "hi-jack" the load of merchandise. He, Raill, parked the truck as instructed and left it. He later returned and drove in to New York. The merchandise had been taken out during his agreed absence. He does not anywhere mention Florio, but does say as he drove off, Malavisa's sedan followed him.

This affidavit contains some statements which would be hearsay against Florio. There was also introduced an affidavit made by Blake, the agent appointed by the Con-

necticut executive to take petitioner in custody, which states the results of his investigation of the case, and states that Florio had left the State of Connecticut not very long after the crime was committed. Then there was an affidavit of the Assistant City Attorney, of New Haven, one Philip Pastors, quoting some Connecticut statutes showing his authority to file informations, and also the results of his own investigations of the case and reports made to him, but this affidavit was made after the Governor of this State had already issued his warrant. The only one of these affidavits which could be considered as an affidavit made before a magistrate charging Florio with the commission of a crime, was the one made by Bertini. But none of these affidavits, nor the information, were shown by the evidence to have been certified by the executive of the demanding State to the executive of this State as being authentic. Therefore none of them were admissible in evidence.

If petitioner had clearly shown that these were the only papers which the Governor of this State had before him when he issued his warrant of extradition, the petitioner would have been entitled to an order dismissing him from custody. But this showing was not made. Theerefore it cannot be said that any of the recitals of the Governor's warrant were erroneous, or that he issued his warrant without the jurisdictional prerequisites required by the Federal statute.

The respondent officer in this case need have gone no farther than to introduce in evidence the Governor's warrant of extradition, which was valid and regular upon its face. The burden was then cast upon the petitioner to prove either that the Governor did not have before him a valid requisition from the Governor of the demanding State, accompanied by a copy of an indictment found or an affi-

davit made before a magistrate substantially charging the person demanded with a crime against the laws of the demanding State, duly certified as authentic by the Governor of the demanding State; or that the petitioner was not the person named in the warrant (29 C. J. 72); or was not bodily present in the demanding State at the time the offense was alleged to have been committed, and therefore was and is not a fugitive from justice. See Chase v. State, *ex rel.* Burch, 113 Fla. 963, 113 So. 103. The mere fact that the petitioner traversed or took issue upon the respondent officer's answer or return, as made in this case, did not change the burden of proof on these issues.

It may be that the Circuit Judge admitted the affidavits above referred to in evidence upon the last mentioned issue. If so, the error in admitting them was probably prejudicial in its nature, thus requiring a reversal of the order for further proceedings not inconsistent with the holdings hereinabove made. For the petitioner introduced some substantial testimony tending to prove that he was not in the demanding State at the time the offense was committed. This testimony was given before the Circuit Judge by witnesses who resided in Miami, and who were subjected to cross examination. The petitioner had no opportunity to cross examine the parties who signed the affidavits introduced in evidence by the respondent and which tended to show the contrary. While it is well settled that upon habeas corpus proceedings in behalf of one held under an executive warrant of rendition, the courts of this State will not try the question of the guilt or innocence of the accused of an offense charged against the criminal laws of another State, yet the question of whether the accused is or is not a fugitive from justice is a question of fact, and it is competent for the accused to prove, if he can, that he was not bodily

present in the demanding State at the time the offense is alleged to have been committed. The decision of the Governor on this point, as shown by the issuance of his warrant of rendition is sufficient to justify his arrest and extradition unless the presumption in its favor is overthrown by contrary proof. Chase v. State, *ex rel.* Burch, *supra,* and the cases cited.

For the error pointed out the order remanding the petitioner to custody is reversed and the cause remanded for further proceedings not inconsistent with the foregoing opinion. It may be that upon another hearing, further legal evidence may be available and may be introduced in evidence by either or both sides on the question last discussed. We reverse the case because on that issue the Circuit Judge may have considered, and probably did consider, the affidavits erroneously admitted in evidence.

Reversed and remanded.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL, J., concur in the opinion and judgment.

BUFORD, J., dissents.