SMITH, Judge.
The appellant, Haywood Trice, was arrested and held by the appellee, the Sheriff of Hillsborough County, for extradition to New York. The appellee acted under authority of a Rendition Warrant issued by the Governor of Florida pursuant to the official Demand of the Governor of New York. Trice sought to test the legality of his arrest by a Petition for Writ of Habeas Corpus. The lower court denied the Petition, and Trice brought this appeal. We find the appellant to be unlawfully detained and direct that he be released.
The Demand (Requisition), signed and sealed by the Governor of New York, recites that Haywood Trice stands charged in New York with the crime of secreting mortgaged property; that the accused was present in New York at the time of the commission of the crime; and that the accused thereafter fled from the justice of the State of New York.
Attached to and made a part of the Demand is a certified copy of an Indictment which charges that, on or about the ISth day of July, 1959, in the State of New York, Haywood Trice wrongfully and fraudulently secreted and removed from said State one 1951 Vagabond Trailer, with intent to defraud the mortgagee in violation of § 940 [1] of the Penal Law of the State of New York, McKinney’s Consol.Laws, c. 40.
The Demand was in the form prescribed by § 941.03, Florida Statutes, F.S.A.[2] It *34 was not, however, in the form required by (nor does it purport to he made pursuant to) § 941.06, Florida Statutes, F.S.A., which provides for the extradition of a person charged with committing an act in Florida or in a third state intentionally resulting in a crime in the demanding state.
At the hearing in the lower court, there was received in evidence a copy of a “Retail Instalment Contract” executed in New York on February 13, 1959, by. and between Haywood Trice and Curtis A. Sliker, Inc. Under the terms of said contract, Trice agreed to purchase a certain Vagabond Trailer for a stated sum, making a down payment upon receipt of the trailer and páying the balance of the purchase price in monthly installments beginning March 15, 1959. The monthly . payments were to be made to a certain New York bank, to which the dealer had assigned the contract. - It was further provided that Trice was not to remove the trailer from the county “except for temporary purposes not exceeding 30 days.”
From the record here it appears that Trice made the first payment when it became due; that such payment was made while he was in New York; that he then came to Florida, from where he mailed the April, May and June payments; that he was in Florida during the period that the April, May and June payments became due and were made; that such payments were made by mail containing his return address in Florida; that he failed to make the payment which was due on July 15, 1959, at which time he was in Florida; and that he has continued to stay in Florida until the time of his arrest.
The State contended at the hearing below that all of the foregoing facts were immaterial; that such matters constituted only a defense to the charge, which defense could only be presented in the State of New York; and that, since the Demand and the Rendition Warrant were in proper form, Trice must be remanded to the custody of the Sheriff for extradition to New York.
 In extradition proceedings, when the executive warrant of rendition shows formal compliance with the essential requirements. of the law, such warrant is prima facie evidence of the facts therein stated, and an officer holding the person named in such warrant needs no more, to justify the detention of the accused. The statement in the Demand here, that Trice was present in the State of New York at the time of the commission of the crime, constituted prima facie evidence of that fact, and the burden of proving that he was not in New York at the time the crime was committed (and is therefore not a fugitive from the justice of that state) was upon Trice. In other words, the burden rested with Trice to overcome by competent proof the prima facie case made by the extradition warrant. Pecnik v. Blackburn, Fla.App.1961, 132 So.2d 604.
The evidence offered on the part of Trice was sufficient to overcome the prima facie case made by the extradition warrant. The State having failed to offer any testimony to refute that of Trice, we find that the record here establishes the fact that Trice was not within the State of New York at any time near the time of the alleged crime, stated in the indictment to be on or about July 15, 1959. The record shows that Trice left New York in March of 1959, and has not since returned. Trice is not a fugitive from the justice of the State of New York within the meaning of Chapter 941, Florida Statutes, and he is not subject to extradition under the procedure provided in § 941.03, Florida Statutes, the sole basis for the extradition sought here. See Ennist v. Baden, 1946, 158 Fla. 141, 28 So.2d 160.
*35 • Since we find that Trice must be discharged for this reason, it becomes unnecessary for us to consider the interesting constitutional questions raised by the appellant. The trial court did not construe any controlling provisions of the Florida or Federal Constitutions. If it had, jurisdiction on appeal would have been vested in the Supreme Court. Since we can and have disposed of the ultimate question before us without initially construing any controlling constitutional provisions, we decline to consider the constitutional questions presented.
The judgment remanding Trice is reversed with directions to enter judgment discharging him.
'SHANNON; C. J., and WHITE, J., concur.

. This section provides as follows:
“A person who, having theretofore executed a mortgage of personal property, or any instrument intended to operate as such, sells, assigns, exchanges, secretes or otherwise disposes of any part of the property, upon which the mortgage or other instrument is at the time a lien, with intent thereby to defraud the mortgagee or a purchaser thereof, is guilty of a misdemeanor.”

. The pertinent portions of the cited section are as follows:
‘‘No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under § 941.06, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime * * *. The indictment, information, or affidavit made before the magistrate must substantially charge the *34 person demanded with having committed a crime under the Jaw of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand.”