305 So.2d 76 (1974)
John KOHLER, Appellant,
v.
Jack SANDSTROM, Director, Department of Corrections and Rehabilitation of Dade County, Florida, Appellee.
No. 74-605.
District Court of Appeal of Florida, Third District.
November 26, 1974.
Rehearing Denied January 9, 1975.
*77 Max P. Engel, Miami, for appellant.
Richard E. Gerstein, State's Atty., and John Lipinski, Asst. State's Atty., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The petitioner appeals the denial of his petition for writ of habeas corpus.
The petitioner was incarcerated pursuant to a warrant of arrest issued by the Governor of Florida in response to a demand for extradition by the Governor of Connecticut. He filed a petition for writ of habeas corpus in which he alleged he had been denied his right to counsel and that he had not been identified as the same person wanted in Connecticut. In his amended petition, the petitioner denied that he was the same person named in the extradition papers. The amended petition, however, was not sworn, nor were affidavits submitted with the petition or at the hearing, nor did the petitioner testify at the hearing to deny the identity.
The thrust of the petitioner's argument on appeal is that the state failed to meet its burden of offering sufficient evidence as to the identity of the petitioner after the warrant and extradition documents were offered into evidence. The state contends that it was the petitioner's burden to submit a sworn petition or affidavits, or offer evidence under oath, denying identity; and (that § 79.01, Fla. Stat. provides) that the state does not have to prove identity under these circumstances, because the extradition warrant is prima facie evidence and, therefore, the judgment of the trial court should be affirmed. We agree with this contention on the authority of State ex rel. Sklaroff v. Purdy, Fla.App. 1969, 219 So.2d 723.
In a habeas corpus proceeding contesting the validity and propriety of an extradition warrant issued by the governor, the accused has the burden to overcome by competent proof the prima facie case made by the extradition warrant. State ex rel. Kimbro v. Starr, Fla. 1953, 65 So.2d 67. Inasmuch as a proceeding in habeas corpus is civil rather than criminal in nature, even though sought in behalf of one charged with or convicted of a crime,[1] petitioner, as a plaintiff in civil proceedings, cannot prevail without offering evidence to support his allegations. He simply did not meet this burden.
The petitioner abandoned his argument as to denial of right to counsel as there is no indication in the record that he was so *78 denied. In fact, the record of the preliminary hearing was not brought before this court.
The Court finding no error, the judgment is hereby affirmed.
Affirmed.
NOTES
[1] State v. Buchanan, Fla. 1966, 191 So.2d 33.