CHARLES CARROLL, Associate Judge.
The appellant was arrested in Dade County, Florida, on a fugitive warrant stemming from alleged commission by him in the State of New York of certain crimes in violation of the laws of that state. Based on a demand for his extradition, an executive warrant for rendition of the appellant for extradition to the State of New York was issued by the Governor of Florida. §§ 941.13, 941.05(2) Fla.Stat., F.S.A.
Appellant filed a petition for habeas corpus in the Circuit Court of Dade County asserting as a ground for relief that he was not the person so charged in New York. A writ was issued, to which the state filed a written return and an amend *868 ed return. Therein the state averred that the executive rendition warrant had been issued by the Governor of Florida, and issue was joined on the question of identity.[1] Trial was held, and evidence on that issue was presented by the petitioner and by the respondent. A judgment of remand was entered, in which the court found against the petitioner on the issue referred to.
From that judgment the petitioner appealed (No. 74-847). Shortly thereafter he filed a petition for a writ of habeas corpus in this court (No. 74-873) based on the same cause (identity). An order was entered by this court for consolidation thereof with the appeal.
The petition for habeas corpus filed in this court must be denied. The judgment of remand entered in the earlier habeas corpus proceeding filed by the petitioner in the circuit court and which involved the same question or cause, being still in force, was res judicata. See § 79.10 Fla.Stat, F.S.A.; State ex rel. Miller v. Kelly, Fla.1956, 88 So.2d 118.
.On the appeal (No. 74-847), we hold no reversible error has been shown. The judgment of remand which was entered in the habeas corpus proceeding in the circuit court was not shown to be without evidentiary support. There was competent substantial evidence as to the identity of the accused, by fingerprint comparison and otherwise, and the resolution of any conflicts in the evidence on the issue involved there was the province of the court. State ex rel. Kimbro v. Starr, Fla.1953, 65 So.2d 67.
The petition for habeas corpus is denied (No. 74-873).
The circuit court judgment of remand (appeal No. 74-847) is affirmed.

. Identity is one of a limited number of grounds which may be raised by habeas corpus after the issuance of a warrant of extradition by the governor of the asylum state. See State ex rel. Huston v. Clark, 121 Fla. 161, 163 So. 471.