BARKDULL, Judge.
This is an appeal from an order denying the appellant’s petition for habeas corpus and remanding him to the custody of the Sheriff of Monroe County for extradition to the State of North Carolina. On October 30, 1980, a Florida Highway Patrol officer was on patrol in Monroe County when he observed a motor vehicle which was the subject of a teletype request from the State of North Carolina. The request sought arrest of the appellant on drug charges. The officer stopped the vehicle and spoke to the driver (the appellant’s wife), who agreed to take the officer to her husband. Upon arriving at the appellant’s residence, the officer arrested the appellant and took him to Key West. An executive warrant for rendition of the appellant to North Carolina was issued by the Governor of Florida. Subsequent thereto, the appellant filed a petition for writ of habeas corpus, challenging the Governor’s warrant and supporting documents. He also alleged he was not present in the demanding State when the offense alleged was committed and that he was not the same person named in the warrants. In support thereof the appellant filed a sworn affidavit that he was not present in the demanding State on the date of the alleged offense and that he was not the person named in the warrant.
At hearing on the petition for writ of habeas corpus, the appellant requested an evidentiary hearing on the question of whether or not the appellant was present in the demanding State at the time of the offense. The trial court refused such a hearing, being of the opinion that the bare allegation of absence from the demanding State at the time of the alleged offense was insufficient to refute the prima facie case that the appellant was present in the demanding State, which arises out of the issuance of the executive warrant. See: Kohler v. Sandstrom, 305 So.2d 76 (Fla.3d DCA 1975); Bonazzo v. Michell, 221 So.2d 186 (Fla. 4th DCA 1969). Based thereon, the trial court entered the order appealed.
We find the trial court erred in denying the appellant an evidentiary hear *282 ing at which he could attempt to refute the prima facie case made by the executive warrant. Before a person may lawfully be taken from the State in which he is residing to another State to stand trial on a criminal charge in the demanding State, the fact that he was or was not present in the demanding State must be established when he challenges that charge in a habeas , corpus proceeding. His sworn denial thereof, in response to the averments in the executive warrant, presents an issue upon which he has a right to offer testimony in support thereof. See: Trice v. Blackburn, 153 So.2d 32 (Fla.2d DCA 1963); State v. McGreary, 123 Fla. 9, 165 So. 904 (1936); Chase v. State, 93 Fla. 963, 113 So. 103 (1927); Kuney v. State, 88 Fla. 354, 102 So.2d 547 (1924). It may be that upon another hearing further legal evidence may be available and may be introduced into evidence by either or both sides on this question, thereby raising a conflict which would result in an order of remand for extradition [see: Bonazzo v. Michell, supra; Buchanan v. State, 185 So.2d 509 (Fla.3d DCA 1966); State v. Starr, 65 So.2d 67 (Fla.1953)], but that determination can be made only after the appellant has been afforded his right to an evidentiary hearing.
It is not necessary for us to determine the other point raised by the appellant, in light of the foregoing. Therefore, the order appealed is reversed and remanded to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded.