433 So.2d 19 (1983)
Gerard Marcel BRUNELLE, Appellant,
v.
C.L. NORVELL, Sheriff of St. Lucie County, Appellee.
No. 82-1275.
District Court of Appeal of Florida, Fourth District.
June 8, 1983.
Rehearing Denied July 8, 1983.
Ernon N. Sidaway, III, Fort Pierce, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant filed his petition for writ of habeas corpus, seeking to resist extradition. We affirm the trial court's discharge of the petition. First, appellant did not overcome the presumption that he is the person named in the rendition warrant which arises from an identity of names. Solano v. State, 417 So.2d 302 (Fla. 3d DCA *20 1982). Second, appellant contends that the affidavits do not constitute competent evidence of his presence in the demanding state, because they contain hearsay. Section 941.03, Florida Statutes (1981) does not require the affidavits to aver that an accused was present in the demanding state. It requires the foreign executive's demand to so allege. Our Supreme Court recently made a statement of policy in the interpretation of the Florida Uniform Criminal Extradition Act:
Substantial rights of citizens must be protected, but constitutional and statutory provisions relating to interstate extradition must be liberally construed to effectuate their purpose, and courts of one state must avoid a view of their duties so narrow as to afford permanent asylum to offenders against the laws of another state.
State v. Soto, 423 So.2d 362, 364 (Fla. 1982), quoting Kansas v. Holeb, 188 Neb. 319, 321-22, 196 N.W.2d 387, 389 (1972). We decline to assist appellant in avoiding extradition by giving a hypertechnical interpretation to the statute. The foreign executive's demand sufficiently alleged appellant's presence on the critical date. Testimony introduced by appellant to prove that he was present in Florida on this date does no more than create a conflict in the evidence on the question of his whereabouts. The court's duty in this situation is to remand him to the custody of the demanding state. Bonazzo v. Michell, 221 So.2d 186 (Fla. 4th DCA 1969).
AFFIRMED.
DOWNEY and HERSEY, JJ., concur.