FERGUSON, Judge.
This appeal is brought by the State of Florida from a writ of habeas corpus discharging petitioner from a Governor’s warrant in an extradition proceeding.[1] The State contends that the court improperly weighed the evidence in an extradition proceeding.
The Governor’s warrant, issued on request of the State of New York, sought the delivery of Enrique Davila Torres a/k/a “Kiki” to face charges on an indictment for second-degree murder. Attached to the warrant was a copy of the indictment, a photograph, and an affidavit of a New York detective who swore that:
On April 19, 1985, a person known by me identified Enrique Davilla Torrez, by photo, as the perpetrator of a homicide which occurred on February 11, 1984, in Kings County. This photograph was provided to the New York City Police Department by the United States Department of Immigration.
Petitioner challenged the warrant by petition for habeas corpus on grounds that (a) he was not the person named and described in the warrant, and (b) he was not in New York at the time and place of the crime.
The court heard petitioner’s evidence at the extradition hearing. His first witness was the custodian of records at petitioner’s place of employment in Miami. Her testimony, based on reports kept by petitioner’s supervisor and not on personal knowledge, was that petitioner was at work on the date of the offense. Her records indicated that petitioner’s birthdate was the same as that of the fugitive named in the warrant. On cross-examination she identified the photograph attached to the New York warrant as that of the petitioner.
Petitioner’s second witness was his supervisor who testified on cross-examination that the photograph attached to the warrant was that of the petitioner. He further testified, based on employer’s records, that petitioner worked in Miami the full week of the New York homicide. The supervisor, however, had no independent recollection of that fact.
Petitioner’s wife testified that, to the best of her knowledge, her husband was *489 never in New York, that she received hospital bills for another Enrique Davila, that petitioner’s surname was Suarez not Torres, that his nickname was not “Kiki”, and that she and petitioner, along with their small child, went out to dinner in Miami on the date of the New York incident. Other physical evidence was presented including (1) a passport showing petitioner’s surname as Suarez, (2) a Miami telephone directory showing that another Enrique Davila was listed, and (3) commercial airline schedules offered to show that it was impossible for petitioner to have been in New York at the time of the offense and to have returned to Miami in time for work. In granting habeas corpus the court concluded:
[B]eing of the opinion and belief that the petitioner Enrique Davila Suarez is not one and the same as the fugitive from the State of New York ... it is hereby
ORDERED and ADJUDGED:
1. The petition for Writ of Habeas Corpus is granted and the petitioner is discharged from custody.
There are settled principles in the law of extradition which guide a resolution of this case. First, where there is a material discrepancy between the name contained in extradition documents and the actual name of the accused, the documents standing alone are not sufficient to make a prima facie case. Cf. State v. Perrera, 443 So.2d 1016 (Fla. 5th DCA 1983) (an identity of names raises presumption that petitioner is same person named in warrant); Solano v. State, 417 So.2d 302 (Fla. 3d DCA 1982) (same). Where there is a discrepancy in the names but the extradition documents also include a photograph of the accused, along with an appropriate affidavit, a pri-ma facie case may be established. Miller v. Debekker, 668 P.2d 927 (Colo.1983). The burden is on the petitioner to overcome the prima facie case. State ex rel. Kimbro v. Starr, 65 So.2d 67 (Fla.1953); Kohler v. Sandstrom, 305 So.2d 76 (Fla. 3d DCA 1974), cert. denied, 311 So.2d 669 (Fla.), cert. denied, 423 U.S. 934, 96 S.Ct. 289, 46 L.Ed.2d 264 (1975).
The threshold question raised by this appeal, which we find dispositive, is whether the appellee met his burden of overcoming the State’s prima facie case by competent proof. See Kohler. We conclude that the trial court, in applying the above legal principles to the facts of the case, reached a correct conclusion. See Graziano v. State, 305 So.2d 867 (Fla. 3d DCA 1975) (the resolution of any conflicts in the evidence on the issue of identity is the province of the trial court).
A prima facie case is one which will suffice until contradicted or overcome by other evidence. Pacific Telephone and Telegraph Co. v. Wallace, 158 Or. 210, 75 P.2d 942, 947 (1938). In extradition proceedings a petitioner may overcome the State’s prima facie case by competent proof that the Governor’s warrant is invalid, or that it is not supported by competent evidence. State ex rel. Kimbro; Kohler. Petitioner showed by competent proof that his name was not the same as the person named in the extradition documents. The warrant then rested on the photograph and affidavit of the New York detective. They are lacking in substance and competency.
All that can be said of the photograph is that it is of a person with a similar name which was sent to New York authorities by the Department of Immigration upon request.[2] The affidavit of the New York detective attempts to link the person shown in the photograph to the offense by statements of one who is not identified. Although affidavits are admissible to create evidentiary conflict in habeas corpus pro *490 ceedings challenging extradition, such affidavits, in order to constitute competent evidence, must be based on the personal knowledge of the affiant or, if based on hearsay, must recite the evidentiary facts upon which the affiant’s conclusion is based. Josey v. Galloway, 482 So.2d 376 (Fla. 1st DCA 1985).[3] Cf. Miller v. Debekker (the State’s prima facie case of identity was established by a photograph of the petitioner attached to two appropriate affidavits; one of the affiants was a victim of the alleged crime who, based on personal knowledge, positively identified the petitioner). The hearsay affidavit of the New York detective contained no evidentiary facts so as to establish the credibility and reliability of the unidentified informant.[4]
The evidence which will justify remanding the accused must have at least the degree of certainty that would justify a magistrate in committing the accused. State ex rel. Kimbro, 65 So.2d at 68 (citing Ex parte Jowell, 87 Tex.Cr.R. 556, 223 S.W. 456 (Crim.App.1920)). The trial court did not weigh the evidence but found a lack of any competent evidence to support a remand. We cannot disagree.
Affirmed.
JORGENSON, J., concurs.

. There are actually two appeals, one from discharge on a fugitive warrant and another from discharge on a Governor's warrant. The findings made on the fugitive warrant were incorporated into the findings on the Governor’s warrant. The discharge was stayed pending this expedited review.

. We agree with the dissent that the sole issue before the trial court is whether petitioner is the same man charged with the New York offense. The original extradition document was insufficient on its face because of a material difference in names. The follow-up document added a photograph. Since it is "quite clear” that the person in the photograph is the person in custody, petitioner could only challenge the extradition documents based on the name variance. The trial court correctly found that there was no competent evidence showing that the person named in the extradition documents is the same person in the photograph and in custody.

. In Josey the first district noted a conflict between its holding and the fourth district's decision in Brunelle v. Norvell, 433 So.2d 19 (Fla. 4th DCA 1983), and certified the conflict to the supreme court. We also note that conflict.

. The difference between an "informant” and a "witness,” as noted by the dissent, is probably of no consequence since it cannot be determined from the affidavit whether the anonymous supplier of information is either. Assuming that the anonymous tipster was not an informant, nothing is added, as a matter of law, to establish any degree of testimonial competency.