NESBITT, Judge
(dissenting):
I must respectfully dissent. The majority in this case is sanctioning the trial court’s action which was in direct contravention of section 941.20, Florida Statutes (1983). This section provides that the guilt or innocence of the accused may not be inquired into in any proceeding after the demand for extradition accompanied by a criminal charge in legal form is presented to the governor. The single and narrow exception to this mandate is when the issue of guilt or innocence is somehow involved in identifying the person held as the person charged with the crime.[1] § 941.20, Fla. Stat. (1983). The sole issue on this appeal, and which was before the trial court, is whether the petitioner is the same man charged with the offense in the New York indictment and sought by the New York authorities.
The law is well settled that an executive warrant which is regular on its face and complies with the essential statutory requirements establishes a prima facie showing of the propriety of extradition. State v. Scoratow, 456 So.2d 922 (Fla. 3d DCA 1984) and cases cited. The only “irregularity”- in the documents in the present case is a slight variance in the name on the warrant and charging documents and the petitioner’s name. It is generally held, however, that a charge is not insufficient as a basis for extradition because it does not allege the fugitive’s true name. All that is necessary is that it appear that the fugitive is the particular person charged in the demanding state. See 35 C.J.S. Extradition § 14(9), (1960) and cases cited. *491 Thus, a person held for extradition may be sufficiently identified by a photograph attached to the requisition papers. See 31 Am.Jur.2d Extradition § 67 (1967) and cases cited; Annot., 93 A.L.R.2d 912, 933, § 13 (1964). This is precisely the situation in the present case where a photograph of the person indicted in New York and sought by the New York authorities was attached and made a part of the New York detective’s affidavit in support of extradition. This photograph was identified by all of the petitioner’s witnesses on cross-examination as that of the petitioner.[2] Accordingly, the state has sufficiently proven identity, as it is quite clear that the petitioner is the person sought by the New York authorities and charged by the indictment in New York.[3]
The majority, however, finds that the affidavit of the New York detective and the photograph made a part thereof “are lacking in substance and competency” and, thus, the executive warrant relying thereon to establish identity is invalid. This decision is based upon the fact that the petitioner’s photograph is identified with the murder only through hearsay statements in the affidavit.[4] It is quite clear, however, that the presence of hearsay statements in the affidavit does not invalidate the governor’s warrant based thereon. See Bru-nelle v. Norvell, 433 So.2d 19 (Fla. 4th DCA 1983).[5]
[SJince the question of the guilt or innocence of the accused is not at issue, the rules governing the admissibility of evidence in criminal trials are not generally applicable in extradition proceedings. Thus, in determining whether a person whose rendition is demanded is a fugitive from the justice of a sister state, the governor is not precluded from receiving evidence that fails to meet the requirements essential to proof of a criminal offense. And affidavits charging one with being a fugitive from justice constitute sworn evidence of the fact within the meaning of the statute requiring that a demand for rendition be accompanied by sworn evidence that the person demanded is a fugitive from justice.

[A]n affirmative finding on this question may be based on statements contained in an affidavit accompanying the requisition, even though the affidavit fails to set forth facts on which the statement is made and even though the evidence on the issue is meager or contradictory, [emphasis added]
31 Am.Jur.2d Extradition §§ 52-53 (1967). See also Annot., 93 A.L.R.2d 912, 921, § 12 (1964). Thus, the affiant need not have personal knowledge of the identity of the *492 fugitive. See generally Annot., 93 A.L. R.2d 912, 931, § 12 (1964). Furthermore, the reliability of the hearsay declarant-witness, upon which the majority’s decision hinges, is irrelevant to the only issue properly considered in these extradition proceedings, namely, whether the petitioner is the same person charged with the crime in the New York indictment.[6] It is quite clear that the petitioner is that person.
Once the state established a pri-ma facie case, the burden shifted to the petitioner to “overthrow conclusively the presumption against him.” Kimbro, 65 So.2d at 68. The petitioner presented no evidence or testimony to indicate he was not the person depicted in the photograph. In fact, the uncontradicted evidence established that the photograph accompanying the extradition documents was that of the petitioner. Thus, the petitioner simply failed to meet his burden.[7] See Kohler v. Sandstrom, 305 So.2d 76 (Fla. 3d DCA 1974), cert. denied, 311 So.2d 669 (Fla.), cert. denied, 423 U.S. 934, 96 S.Ct. 289, 46 L.Ed.2d 264 (1975).
Finally, the testimony and evidence introduced by the petitioner to prove that he was in Florida at the time the crime was committed does no more than create a conflict in the evidence on the question of his whereabouts. In such a situation, the trial court must remand the petitioner to the custody of the demanding state. Kimbro. It is the duty of the trial court in the demanding state, not the court of the asylum state, to resolve such conflicts in a guilt or innocence determination. Kimbro; Brunelle.
Accordingly, since a prima facie case was established and the petitioner failed to overcome it, the trial court’s order should be reversed with directions to remand the petitioner to the custody of the New York authorities.

. Our supreme court has held that the constitutional and statutory provisions relating to interstate extradition must be liberally construed to effectuate their purpose. State v. Soto, 423 So.2d 362 (Fla.1982). To that end, the courts have held that the scope of inquiry of the trial court, in habeas corpus proceedings brought pursuant to section 941.10, Florida Statutes (1983), is extremely limited. See Fauls v. Sheriff of Leon County, 394 So.2d 117 (Fla.1981); State ex rel. Kimbro v. Starr, 65 So.2d 67 (Fla.1953); Moore v. State, 407 So.2d 991 (Fla. 3d DCA 1981); State v. Cox, 306 So.2d 156 (Fla. 2d DCA 1974). Although the factual circumstances will vary from case to case, the issue of identity that may be challenged under the statute concerns only whether the person arrested in the asylum state is the person "charged with the crime” in the demanding state, § 941.20, Fla.Stat. (1983) (emphasis added), not whether the person charged with the crime is guilty as charged.

. The majority states, "All that can be said of the photograph is that it is of a person with a similar name which was sent to New York authorities by the Department of Immigration upon request.” Slip op. at 4. This is simply incorrect. The photograph was identified by a witness as depicting the person who committed the murder in New York and it was identified by all of the petitioner’s witnesses at the hearing below as depicting the petitioner.

. It should be emphasized that there is an indictment as well as an affidavit in support of extradition in the present case. The indictment is the basis for the extradition, with the affidavit merely serving to clarify the identity of the person charged. Cf. Shapiro v. State, 456 So.2d 968 (Fla. 2d DCA 1984) (where there is both a warrant and an indictment that charges the same crime against the same person, they may be used interchangeably in support of extradition; one is merely the continuation of the prosecution begun by the other). I do not dispute that the affidavit in this case, standing alone, would be insufficient to support extradition. § 941.03, Fla.Stat. (1983).

. See supra note 2. The hearsay declarant characterized as an "informant” by the majority would more accurately be described as a "witness.” The term "informant” or "informer” generally does not include persons who supply information only after being interviewed by police officers or who give information as witnesses during the course of an investigation. Gordon v. United States, 438 F.2d 858, 874-75 (5th Cir.), cert. denied, 404 U.S. 828, 92 S.Ct. 139, 30 L.Ed.2d 56 (1971); Black’s Law Dictionary 701 (5th ed. 1979).

. Apparently, the majority rejects the fourth district court’s decision in Brunette and recognizes a conflict between the districts on the sufficiency of an affidavit containing hearsay in extradition proceedings. See op. at 489 n. 2. See also Josey v. Galloway, 482 So.2d 376 (Fla. 1st DCA 1985).

. It should be noted that the validity or sufficiency of an indictment, affidavit or other pleading charging a crime is not the concern of the asylum state but rather is left to the demanding state. The only question to be considered by the asylum state is whether the indictment or affidavit satisfactorily shows that the fugitive has in fact been charged, however inartfully, with a crime in the demanding state. See State ex rel. Myers v. Allen, 83 Fla. 655, 92 So. 155 (1922); 35 C.J.S. Extradition § 14(6) (1960). See also 31 Am.Jur.2d Extradition § 51 (1967).

. The only relevant evidence presented by the petitioner went to challenge the name variance (wife’s testimony, petitioner’s passport, Miami telephone directory). As previously stated, however, a charge is not insufficient as a basis for extradition because it does not allege the fugitive’s correct name. All that is necessary is that it appear that the fugitive is the particular person charged in the demanding state. Thus, as in the present case, a person held for extradition may be sufficiently identified by a photograph attached to the requisition papers. See generally 35 C.J.S. Extradition § 14(9) (1960) and cases cited; 31 Am.Jur.2d Extradition § 67 (1967) and cases cited; Annot., 93 A.L.R.2d 912, 933, § 13 (1964) and cases cited.